[No. 3,513.]

## VALENTINE KAISER v. CHARLES McLAUGHLIN.

GRANT OF LAND TO CENTRAL PACIFIC RAILROAD COMPANY.—The grant of land made to the Central Pacific Railroad Company of California, by the Acts of Congress of July 1, 1862, and July 2, 1864, gave said company a title to the odd sections within the limits of the grant, as against a claimant under a Mexican grant, which was rejected after the passage of said Acts.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

John Roland claimed a tract of eleven square leagues of land at the junction of the Tuolumne and San Joaquin rivers, under a grant alleged to have been made to him by Pio Pico, Governor of California, on the 2d day of May, 1846. On the 18th day of May, 1852, he petitioned the Board of Land Commissioners for the confirmation of the grant. The grant was rejected by the United States District Court, and, on the 27th day of March, 1866, the District Court granted an appeal to the Supreme Court of the United States. The Western Pacific Railroad Company, on the 1st day of June, 1867, contracted to sell the demanded premises to Charles Mc-

Laughlin, and on the 26th day of November, 1869, Mc-Laughlin contracted with the plaintiff, who was then in possession of the land, to sell him the same, and to give him a deed after the Western Pacific Company had received a patent therefor, and within twenty days after a demand. The plaintiff paid McLaughlin $800 on the purchase-money. The plaintiff afterwards pre-empted the land under the laws of the United States, paid for the same, and received a certificate of purchase therefor, on the 28th day of November, 1870. The Court below rendered judgment for the plaintiff, and the defendant appealed.

The other facts are stated in the opinion. See also *C. P. R. R. Co.* v. *Yolland*, *ante* p. 438.

*Budd & Scaniker*, for the Appellant.

The Act of March, 1853, provided a tribunal to ascertain as between the United States and claimants under Mexican grants, whether or not the lands so claimed were public lands of the United States. The Act itself made no reservation, and authorized none to be made by the tribunal, nor by the claimant. If the Act operated as a reservation, then it applied to claims under valid, as well as under invalid Mexican grants, and the claimants under valid grants would only take from the time of final confirmation, since if the act and proceedings thereunder operated as a reservation, then the lands were reserved until the final confirmation of the claim.

But the Courts hold that the claimants under valid grants, take from the time their petition was presented to the Commissioners. (*Lynch* v. *Bernal*, 9 Wall. 328; *Waterman* v. *Smith*, 13 Cal. 373.) So that there could not have been a reservation.

*D. S. Terry*, for the Respondent.

The head of the Land Department of the United States has uniformly, in a series of Acts and decisions, treated these lands as reserved. (*Michael Coyne* v. *Western Pacific Railraad Company*, decided May 20, 1869; *Sargent &*

*Treadway* v. *Western Pacific Railroad Company*, decided July 7, 1870.)

And on the 18th of April, 1871, upon the appeal of certain pre-emptors of land within the Roland grant, who had been required by the land officers to pay for their land at the rate of $2 50 per acre the Commissioner of the General Land Office held that "the principle of the increase in price of the government reserved sections is, that for each section granted to the railroad company, the adjoining reserved sections shall be raised to double minimum, so that there shall be no absolute pecuniary loss to the government by the grant. Acting upon this principle, where there are no sections granted to the railroad, there are no corresponding reserved sections, hence it follows that there can in that case be no double minimum price fixed."

"The lands within the Roland grant were, after due consideration, declared by the department as exempt from the operations of the railroad grant, that is the company were not entitled to the odd numbered sections within said grant which fall within twenty miles of their line of route. Thus then the boundary of the Roland grant forms the boundary of the withdrawal for the railroad, and none of the land embraced within the limits of the Roland grant, are within the existing withdrawal for the Western Pacific Railroad."

By the Court, RHODES, J.:

The plaintiff purchased from the defendant McLaughlin, the north-west quarter of section eleven, township three south, range seven east, for $1,600, of which sum $800 was paid in hand, and the remainder was to be paid in one year from the date of the contract, June 1, 1867. The defendant agreed to convey the land to the plaintiff after the Western Pacific Railroad Company should receive a patent therefor from the United States, and twenty days after a demand for the deed. The plaintiff sues to recover back the first instalment of the purchase-money paid by him, on the ground that the land was excepted from the grant made by the Act of Congress of July 1, 1862, and July 2, 1864, to the rail-

road company, because it was then within the limits of an alleged Mexican grant, which was claimed by one John Roland. The last step in the proceedings taken by the claimant for the confirmation of his claim was the granting of an appeal by the District Court of the United States for the District of California, to the Supreme Court, from the decree of the District Court rejecting the claim of Roland; but the required bond does not appear to have been given, nor the appeal to have, in fact, been taken. The decree of the District Court rejecting the claim, therefore, remains in full force.

The question here presented is the same as that in *C. P. R. R. Co.* v. *Yolland*, ante p. 438, and *C. P. R. R. Co.* v. *Robinson*, ante p. 446, and upon the authority of those cases, judgment and order reversed, and cause remanded for a new trial.

Mr. Justice McKINSTRY, did not express an opinion.